UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| ANIMACCORD LTD., § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | |
| § | Civil Action No. 4:25-cv-00489 |
| INDIVIDUALS, PARTNERSHIPS, AND § | |
| UNINCORPORATED ASSOCIATIONS § | |
| IDENTIFIED ON SCHEDULE "A", § | |
| § | |
| *Defendants.* § | |

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Plaintiff's *Ex Parte* Motion for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets ("Motion") (Dkt. #5). The Plaintiff, Animaccord Ltd. ("Plaintiff") moves, among other things, for a preliminary injunction against the Defendants, Individuals, Partnerships, and Unincorporated Associations Identified on Schedule "A" (collectively "Defendants"), and an order restraining the financial accounts used by Defendants pursuant to 15 U.S.C. § 1116, 17 U.S.C. § 502, Federal Rule of Civil Procedure 65, and The All Writs Act, 28 U.S.C. § 1651(a).

The Court has carefully considered the Motion, the record, and the governing law. For the reasons stated below, the Court finds that the Motion (Dkt. #5) should be **GRANTED**. The Court will now issue a preliminary injunction.

## I. FACTUAL BACKGROUND

Plaintiff is the owner of the following trademarks, which are valid and registered on the Principal Register of the United States Patent and Trademark Office (collectively, the "Masha and The Bear Marks"):

| Trademark | Registration Number | Registration Date | First Use Date | Classes / Goods |
|---|---|---|---|---|
| [Masha and the Bear logo image] | 4,790,909 | 09/11/2015 | 4/15/2015 | IC 009: Pre-recorded DVDs, namely, motion picture films featuring children's entertainment; <br><br>IC 016: Paper products, namely, children's storybooks, notebooks, coloring books, greetings cards, stationery, stickers and pens; <br><br>IC 018: Backpacks; <br><br>IC 025: Apparel, namely, T-shirts and shoes; <br><br>IC 028: Toys, namely, dolls, stuffed toys, board games and card games; and <br><br>IC 030: Candy. |
| MASHA AND THE BEAR | 4,790,906 | 08/11/2015 | 08/04/2012 | IC 009: Pre-recorded DVDs, namely, motion picture films featuring children's entertainment; and <br><br>IC 041: Entertainment services, namely, production of motion picture films and motion picture film distribution services rendered through |

|  |  |  |  | the media of cable television, broadcast television, and the Internet. |
|---|---|---|---|---|
| MASHA AND THE BEAR | 5,420,550 | 03/13/2018 | 06/16/2016 | *See* n. 1 below[1] |

[1] IC 003: Non-medicated soaps; almond soaps; antiperspirant soap; balms other than for medical or pharmaceutical purposes, namely, lip balms, body balms; bath salts, not for medical purposes; breath freshening sprays; breath freshening strips; cakes of toilet soap; cleaning preparations; cosmetic creams; cosmetic kits comprised on non-medicated cosmetics; cosmetics; cosmetic cotton wool; deodorant soap; deodorants for human beings or for animals; disinfectant soap; dry shampoos; dry cleaning preparations; hair lotions; hair sprays; laundry preparations, namely, laundry detergents, laundry softener, laundry bleach; lip glosses; lipstick; lipstick cases; lotions for cosmetic purposes; make-up; medicated soaps; mouth washes, not for medical purposes; mouthwashes; nail varnish; nail polish; nail art stickers; perfumes; shampoos; toilet water; toiletries, namely, non-medicated toiletry preparations; eau de cologne; perfumery; scented body splash water;

IC 012: Vehicles, namely, bicycles, tricycles, sleighs, kick sledges, baby carriages, prams, pushchairs, strollers; bicycles; tricycles; sleighs for transport purposes; kick sledges; baby carriages; prams; pushchairs; strollers; scooters, namely, motor scooters;

IC 014: Precious metals; jewelry; jewelry cases; imitation jewelry; clocks; wall clocks; electronic clocks; alarm clocks; clocks and watches; stands for clocks; horological instruments; chronometric instruments; precious stones; key rings of precious metal; watches;

IC 015: Accordions; cases for musical instruments; castanets; drums; drumsticks; electric musical instruments; flutes; guitars; harmonicas; horns; music synthesizers; music stands; musical boxes; pianos; saxophones; stands for musical instruments; tambourines; triangles; trombones; trumpets; violins; xylophones; musical instruments; basses;

IC 020: Furniture; furniture shelves; furniture of metal; figurines of wood, wax, plaster or plastic; fans for personal use, non-electric; air pillows, not for medical purposes; air mattresses, not for medical purposes; armchairs; baby changing mats; baskets, not of metal, namely, baker's bread baskets, Moses baskets; bead curtains for decoration; bed bases; bedding, except linen, namely, bed frames, bumper guards for cribs; beds; benches; bolsters; book rests; bottle caps, not of metal; cases of wood or plastic; bins of wood or plastic; boxes of wood or plastic; chests of drawers; chests for toys; clothes hooks, not of metal; coat hangers; clothes hangers; coat stands; containers, not of metal for storage and transport; costume stands; cupboards; curtain rings; curtain rails; curtain rollers; curtain pins; curtain rods; curtain hooks; curtain fittings; cushions; deck chairs; decorations of plastic for foodstuffs; desks; divans; door handles, not of metal; door bells, not of metal, non-electric; door knockers, not of metal; doors for furniture; dressing tables; easy chairs; embroidery frames; toilet mirrors being hand-held mirrors; head-rests; high chairs for babies;

| | | | | |
|---|---|---|---|---|
| MASHA AND THE BEAR | 4,800,025 | 08/25/2015 | 04/15/2015 | IC 016: Paper products, namely, children's storybooks, notebooks, coloring books, greetings cards, stationery, stickers and pens;<br><br>IC 018: Backpacks;<br><br>IC 025: Apparel, namely, T-shirts and shoes; |

---

house numbers, not of metal, non-luminous; hydrostatic beds, not for medical purposes; identification bracelets, not of metal; indoor window blinds; infant walkers; inflatable furniture; inflatable publicity objects; keyboards for hanging keys; ladders of wood or plastics; letter boxes not of metal or masonry; lockers; mats for infant playpens; mattresses; medicine cabinets; mirrors; decorative mobiles; office furniture; packaging containers of plastic; paper blinds; picture frames; pillows; placards of wood or plastics; plastic key cards, not encoded and not magnetic; playpens for babies; school furniture; chairs; shelves for storage; writing desks; sleeping bags for camping; sofas; stuffed animals; tables; tables of metal; tea trolleys; interior textile window blinds; tool and tool accessory trays, not of metal; umbrella stands; wall-mounted diaper changing platforms; table tops; slatted indoor blinds;

IC 021: Aerosol dispensers, not for medical purposes; baby bathtubs, portable; baskets for domestic use; bottles, sold empty; bowls; brushes, namely, toothbrushes, hair brushes; buckets; buckets made of woven fabrics; non-electric candelabra; candy boxes; ceramics for household purposes, namely, ceramic figurines, ceramic vases, ceramic vessels, bowls, plates and pots; coffeepots, non-electric; combs; electric combs; comb cases; confectioners' decorating bags; containers for household or kitchen use; cookery molds; cookie jars; cooking pots; cosmetic utensils, namely, cosmetic brushes; cups; cups of paper or plastic; dishes; disposable table plates; drinking bottles for sports; drinking glasses; dustbins; egg cups; floss for dental purposes; cups for eating fruits; frying pans; glass jars; glass bowls; gloves for household purposes; hot pots; ice buckets; ice cube molds; kitchen containers; lunch boxes; mugs; napkin holders; painted beverage glassware; paper plates; perfume vaporizers sold empty; perfume sprayers; porcelain ware, namely, mugs, statuettes; pots; pottery, namely, mugs, statuettes; salad bowls; soap holders; dishes for soap; soap boxes; soup bowls; straws for drinking; sugar bowls; tableware, other than knives, forks and spoons, namely, scoops for serving or portioning; tea services in the nature of tableware; teapots; toothbrushes, electric; toothbrushes; toothpicks; trays for domestic purposes; trays for domestic purposes, of paper; vases; vegetable dishes; and

IC 024: Textile material; bed covers; plastic table covers; bed linen; tablecloths, not of paper; handkerchiefs of textiles; travelling rugs; towels of textile; bed blankets; shower curtains of textile or plastic; curtains of textile or plastic; net curtains; table runners, not of paper; oilcloth for use as tablecloths.

|  |  |  |  | IC 028: Toys, namely dolls, stuffed toys, board games and card games; IC 030: Candy. |
|---|---|---|---|---|

*See* Declaration of Inna Golovlova in Support of Plaintiff's Motion for TRO ("Golovlova Decl.") at ¶ 4; *see also* United States Trademark Registrations for the Masha and The Bear Marks at issue attached as Composite Exhibit 1 to the Complaint. The Masha and The Bear Marks are used in connection with the design, marketing, and distribution of high-quality goods in the category identified above. *See id*.

Plaintiff is also the owner of the following copyrights registered in the United States of America:

| Registration Number | Registration Date | Title of Work |
|---|---|---|
| VA 1-835-810 | Aug. 21, 2012 | Masha and the Bear Logo |
| PA 1-813-099 | July 12, 2012 | First day of school |
| PA 1-813-100 | July 12, 2012 | Laundry day |
| PA 1-813-101 | July 12, 2012 | Holiday on ice |
| PA 1-813-102 | July 12, 2012 | One, two, three! Light the Christmas tree! |
| PA 1-813-103 | July 12, 2012 | Recipe for disaster |
| TX 8-552-180 | Dec. 27, 2017 | Masha and the Bear: A Magical Holiday |
| TX 8-588-442 | Aug. 14, 2017 | Masha and the Bear: A Spooky Bedtime |
| TX 8-431-770 | June 23, 2017 | Masha and the Bear: Kidding Around! |
| TX 8-537-380 | Dec. 27, 2017 | Masha and the Bear: The Best Birthday |
| TX 8-444-776 | Aug. 7, 2017 | Masha and the Bear: The Girl Who Called Wolf |

*See* Golovlova Decl. at ¶ 5. Additionally, Plaintiff is the owner of may unregistered copyrighted works, originally produced in Russia, a Berne Convention signatory. *See id*. at ¶ 5. The copyrighted works identified in Schedules C and D to the Golovlova Declaration hereto are collectively referred to herein as the "Copyrighted Works."

The Defendants, through the various Internet based e-commerce stores operating under the seller identities identified on Schedule "A" to the Complaint (the "Seller IDs"), have advertised, promoted, offered for sale, or sold goods bearing and/or using what the Plaintiff has determined to be counterfeits, infringements, reproductions, or colorable imitations of the Masha and The Bear Marks and Copyrighted Works. *See* Golovlova Decl. at ¶¶ 15-18; Declaration of Kenneth P. Kula in Support of Plaintiff's Motion for TRO ("Kula Decl.") at ¶ 5.

Although each of the Defendants may not copy and infringe each of the Masha and The Bear Marks for each category of goods protected and/or Copyrighted Works, the Plaintiff has submitted sufficient evidence showing each of the Defendants has infringed at least one or more of the Masha and The Bear Marks and/or Copyrighted Works. *See* Kula Decl. at ¶ 4, Schedule E. The Defendants are not now, nor have they ever been, authorized or licensed to use, reproduce, or make counterfeits, reproductions, or colorable imitations of the Masha and The Bear Marks or Copyrighted Works. *See* Golovlova Decl. at ¶ 15.

The Plaintiff investigated the promotion and sale of counterfeit and infringing versions of the Plaintiff's branded and copyright protected products by the Defendants. *See* Golovlova Decl. at ¶¶ 15-18. Plaintiff accessed each of the e-commerce stores operating under the Defendants' Seller IDs, initiated the ordering process for the purchase of a product from each of the Seller IDs, bearing counterfeits of, at least, one of the Masha and The Bear Marks and Copyrighted Works at issue in this action, and requested each product to be shipped to an address in the Western District of Texas. *See id.; see also* Kula Decl. at ¶ 5. The Plaintiff conducted a review and visually inspected the Masha and The Bear branded items for which orders were initiated by Plaintiff's third-party investigator via the Seller IDs and determined the products were nongenuine, unauthorized versions of the Plaintiff's products. *See id.*

## II. LEGAL STANDARD

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 24 (2008). A party seeking a preliminary injunction must establish four elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat that they will suffer irreparable harm absent injunctive relief; (3) that the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) that the injunction will not harm the public interest. *Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 372 (5th Cir. 2008). "A preliminary injunction . . . should only be granted if the plaintiffs have clearly carried the burden of persuasion on all four requirements." *Id.* Nevertheless, a movant "is not required to prove his case in full at a preliminary injunction hearing." *Fed. Sav. & Loan Ins. Corp. v. Dixon*, 835 F.2d 554, 558 (5th Cir. 1987) (quoting *Univ. of Tex. v. Comenisch*, 451 U.S. 390, 395 (1981)). The decision of whether to grant a preliminary injunction lies within the sound discretion of the district court. *See Weinberger v. Romero-Barcelo*, 456 U.S. 305, 320 (1982).

## III. CONCLUSIONS OF LAW

The declarations the Plaintiff submitted in support of its Motion support the following conclusions of law:

A. Absent arguments from Defendants at this early stage of the proceeding, Plaintiff has demonstrated a *prima facie* showing that this Court has specific personal jurisdiction over the Defendants. Defendants, alleged to be residing outside the United States, are alleged to have committed a tortious act within the state pursuant to Tex. Civ. Prac. & Rem. Code §17.042(2). The Texas long-arm statute extends to the limits of federal due process. *Schlobohm v. Schapiro*, 784

7

S.W.2d 355, 357 (Tex. 1990). Operating an Internet website for the purpose of selling allegedly infringing product to Texas consumers, as alleged here, constitute sufficient minimum contacts. *Global 360, Inc. v. Spittin' Image Software, Inc.*, 2005 WL 625493, at *5 (N.D. Tex. Mar. 17, 2005) (collecting cases). Additionally, jurisdiction is properly pled pursuant to Fed. R. Civ. P. 4(k)(2), the federal long arm statute, because Plaintiff's claims arise under the Federal Trademark (Lanham) Act and Federal Copyright Act, and Defendants have not consented to jurisdiction in another state. *Viahart, LLC v. Does 1-54*, 2022 WL 4138590, *9-10 (E.D. Tex. July 18, 2022).

  A. The Plaintiff has a strong probability of proving at trial that (1) consumers are likely to be confused by the Defendants' advertisement, promotion, sale, offer for sale, or distribution of goods bearing and/or using counterfeits, reproductions, or colorable imitations of the Masha and The Bear Marks, and that (2) the products Defendants are selling and promoting for sale are copies of the Plaintiff's products which bear copies of the Masha and The Bear Marks.

  B. Plaintiff has demonstrated a *prima facie* showing that venue is proper in this District because, for venue purposes, "a defendant not resident in the United States may be sued in any judicial district." 28 U.S.C. § 1391(c)(3).

  C. Joinder of the Defendants in Schedule "A" is also appropriate under Rule 20(a) at this early stage of the proceeding. Plaintiff has sufficiently alleged that Defendants operate as an interrelated group to knowingly sell counterfeit products, which constitutes a series of occurrences within the meaning of Rule 20. *Viahart L.L.C. v. GangPeng*, 2022 WL 445161, at *4 (5th Cir. 2022). Moreover, this serves as a logical connection between each Defendant, collectively causing the "occurrence of mass harm" resulting from Defendants concerted efforts to anonymously commit trademark and copyright infringement through the online platforms. *Bose Corp. v. P'ships & Unincorporated Ass'ns Identified on Schedule "A,"* 334 F.R.D. 511, 517 (N.D. Ill. 2020). A

review of Defendants' infringing webpages further demonstrates a concerted action between the Defendants given the similarities between the Defendants listings on the platforms. *See WowWee Group Ltd. v. Merily*, 2019 WL 1375470, at *6 (S.D.N.Y. Mar. 27, 2019) ("significant similarities" across the defendants' storefronts on Wish.com was a "logical relationship" between the Defendants supporting permissive joinder where no defendants had appeared to assert potentially conflicting defenses). Thus, joinder is proper at this stage of the proceeding.

        D.      The facts set forth in the Complaint, the Application, and accompanying declarations, demonstrate that Plaintiff has a strong probability of prevailing on its trademark and copyright infringement claims.

        1.      Plaintiff has demonstrated *prima facie* that is the exclusive owner to the Masha and the Bear Marks and that Defendants' conduct is likely to cause confusion with consumers. *Am. Rice, Inc. v. Producers Rice Mill, Inc.*, 518 F.3d 321, 329 (5th Cir. 2008). Plaintiff's ownership and of the Masha and the Bear Marks is presumed through its U.S. Patent and Trademark Office Registrations. 15 U.S.C. § 1115(a). Plaintiff has also demonstrated a likelihood of confusion based on the Fifth Circuit's "digits of confusion" factors. *Future Proof Brands, L.L.C. v. Molson Coors Beverage Company*, 982 F.3d 280, 289 (5th Cir. 2020). It is alone dispositive that Defendants are selling products with identical marks. *Paulsson Geophysical Services, Inc. v. Sigmar*, 529 F.3d 303, 311 (5th Cir. 2008). The Court further finds that the other digits support a likelihood of confusion, namely: The Masha and the Bear marks are arbitrary and fanciful, and should be afforded strong protection; Defendants goods appear virtually identical; both Plaintiff and Defendants sell and advertise their products through the same marketing channels, the Internet; and that relatively inexpensive nature of the goods suggests a low degree of care exercised by potential purchasers and likely increasing the risk of confusion.

2.  Plaintiff is also likely to prevail on its remaining false designation of origin claim and common law unfair competition and trademark infringement claims. As with trademark infringement, the test for liability for false designation of origin is whether the public is likely to be deceived or confused. *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 780 (1992). Additionally, the analysis of liability for State common law trademark infringement is the same as the analysis of liability for trademark infringement under Section 32(a) of the Lanham Act. *Viacom International v. IJR Capital Investments, L.L.C.*, 891 F.3d 178, 185 (5th Cir. 2018). Thus, for at least the same reasons as above, Plaintiff is likely to prevail on its false designation of origin and common law trademark and unfair competition claims.

3.  Plaintiff has also demonstrated that it owns a valid copyright and that defendant copied constituent elements of the plaintiff's work that are original. *BWP Media USA, Inc. v. T & S Software Assocs., Inc.*, 852 F.3d 436, 439 (5th Cir. 2017). Plaintiff is the owner of several U.S. copyright registrations, as well as several other unregistered copyrighted works first published in Russia and subject to the Berne Convention for the Protection of Literary and Artistic Works of 1886 subject to protection in the United States. *Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 886 F. Supp. 2d 1120, 1125-26 (S.D.N.Y. 1995). Defendants infringing products also identically display or incorporate these Copyrighted Works, thus evidencing factual copying and substantial similarity. *Baisden v. I'm Ready Prods., Inc.*, 693 F.3d 491, 499 (5th Cir. 2012)

E.  Because of the infringement of the Masha and The Bear Marks and the Copyrighted Works, the Plaintiff is likely to suffer immediate and irreparable injury if a preliminary injunction is not granted. Irreparable harm is presumed with respect to Plaintiff's trademark infringement claims. 15 U.S.C. §1116(a). Moreover, Plaintiff is likely to suffer difficult to quantify

harm including loss of control over its programming and related merchandise as well as unquantifiable decreasing value of its authorized merchandise. *Salinger v. Colting*, 607 F.3d 68, 81 (2d Cir. 2010). The following specific facts, as set forth in the Plaintiff's Complaint, this Motion, and accompanying declarations, demonstrate that immediate and irreparable loss, damage, and injury will result to the Plaintiff and to consumers before the Defendants can be heard in opposition unless the Plaintiff's request for *ex parte* relief is granted:

      1.      The Defendants own or control Internet based e-commerce stores and websites which advertise, promote, offer for sale, and sell products bearing counterfeit and infringing trademarks in violation of the Plaintiff's rights;

      2.      There is good cause to believe that more counterfeit and infringing products bearing the Plaintiff's trademarks will appear in the marketplace; that consumers are likely to be misled, confused, and disappointed by the quality of these products; and that the Plaintiff may suffer loss of sales for its genuine products and an unnatural erosion of the legitimate marketplace in which it operates; and

      3.      There is good cause to believe that if the Plaintiff proceeds on notice to the Defendants of this preliminary injunction, the Defendants can easily and quickly change the ownership or modify domain registration and e-commerce store account data and content, change payment accounts, redirect consumer traffic to other seller identification names, and transfer assets and ownership of Seller IDs thereby thwarting the Plaintiff's ability to obtain meaningful relief.

F. The balance of potential harm to the Defendants in enjoining their trade in counterfeit and infringing branded goods if a preliminary injunction is issued is far outweighed by the potential harm to the Plaintiff, its reputation, and its goodwill as manufacturers and distributors of quality products if such relief is not issued.

D. The public interest favors issuance of a preliminary injunction to protect the Plaintiff's trademark interests, to encourage respect for the law, to facilitate the invention and development of innovative products, and to protect the public from being defrauded by the illegal sale of counterfeit goods.

E. Under 15 U.S.C. § 1117(a), the Plaintiff may be entitled to recover, as an equitable remedy, the illegal profits gained through the Defendants' distribution and sales of goods bearing counterfeits and infringements of the Masha and The Bear Marks. *See Reebok Int'l, Ltd. v. Marnatech Enters., Inc.*, 970 F.2d 552, 559 (9th Cir. 1992) (quoting *Fuller Brush Prods. Co. v. Fuller Brush Co.*, 299 F.2d 772, 777 (7th Cir. 1962) ("An accounting of profits under § 1117(a) is not synonymous with an award of monetary damages: '[a]n accounting for profits . . . is an equitable remedy subject to the principles of equity.'")).

F. Requesting equitable relief invokes the district court's inherent equitable powers to order preliminary relief, including an asset freeze, in order to assure the availability of permanent relief. *Animale Group Inc. v. Sunny's Perfume Inc.*, 256 Fed. Appx. 707 (5th Cir. 2007) (affirming district court's asset seizure as an equitable remedy in counterfeit enforcement action); *see also Prep Solutions, Ltd. v. Leicht*, 2022 WL 1812298, at *2 (E.D. Tex. June 2, 2022) ("The Court can permissibly freeze assets to protect a plaintiff's equitable remedies – such as the equitable remedy of disgorgement, which is expressly authorized by the Copyright Act"). Because Defendants are operating online from unknown locations outside the United States and outside this Court's jurisdiction, there is a likelihood that Defendants ill-gotten assets could be dissipated absent this

relief. *Prep Solutions*, at *2 (*citing Johnson v. Couturier*, 572 F.3d 1067, 1085 (9th Cir. 2009)). Moreover, *ex parte* relief is appropriate so as to avoid advanced notice of an asset restraint. *See F.T. Int'l Ltd v. Mason*, No. 00-cv-5004, 2000 WL 1514881, at n. 1 (E.D. Pa. Oct. 11, 2000) (granting *ex parte* TRO restraining defendants' bank accounts upon finding that advance notice would likely have caused the defendants to secret or alienate funds); *CSC Holdings, Inc. v. Greenleaf Elec., Inc.*, No. 99-cv-7249, 2000 WL 715601 (N.D. Ill. June 2, 2000) (granting *ex parte* TRO enjoining cable television pirates and restraining pirates' assets).

  G. Expedited discovery is also appropriate to reveal Defendants' bank and payment system accounts, as well as Defendants' contact information including email addresses registered with the online platforms. It is well within this Court's discretion to permit this early discovery. Fed. R. Civ. P. 26(b)(2).

Upon review of the Plaintiff's Complaint, the Motion, and supporting evidentiary submissions, it is **ORDERED** that the Plaintiff's Motion (Dkt. #5) is hereby **GRANTED**, under the terms set forth below:

  (1) Each of the Defendants, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any of the Defendants having notice of this Order are preliminarily enjoined as follows:

    a. From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing the Masha and The Bear Marks, or any confusingly similar trademarks, other than those actually manufactured or distributed by the Plaintiff;

    b. From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by the Plaintiff, bearing and/or using the Masha and The Bear Marks, or any confusingly similar trademarks; (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing and/or using the Masha and The Bear Marks, or any confusingly similar trademarks; or (iii) any assets or other financial accounts subject to this Order, including inventory assets, in the actual or constructive possession of, or owned, controlled, or held by, or subject to access by, any of the Defendants, including, but not limited to, any assets held by or on behalf of any of the Defendants; and

    c. From using any reproduction, counterfeit, copy, or colorable imitation of the Masha and The Bear Copyrighted Works in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendants.

  (2) Each of the Defendants, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any of the Defendants having notice of this Order shall immediately discontinue the use of the Masha and The Bear Marks, confusingly similar trademarks, or unauthorized copies of the Copyrighted Works on or in connection with all Internet based e-commerce stores owned and operated, or controlled by them, including the Internet based e-commerce stores operating under the Seller IDs.

  (3) Each of the Defendants shall not transfer ownership of the Seller IDs during the pendency of this action, or until further Order of the Court.

  (4) Upon receipt of notice of this Order, the Defendants and any third party financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms who is providing services for any of the Defendants, including but not limited to,

AliExpress, Alipay, Dhgate, Dhpay, Joom, Wish, Wishpay, Amazon, Amazon Pay, Ebay, Etsy, and/or Taobao, and their related companies and affiliates (collectively, the "Third Party Providers"), shall within five (5) business days after receipt of notice of this Order,

    a.    Restrain the transfer of all funds, including funds relating to ongoing account activity, held or received for the Defendants' benefit or to be transferred into the Defendants' respective financial accounts, restrain any other financial accounts tied thereto, and immediately divert those restrained funds to a holding account for the trust of the Court. Such enjoining of the funds and the disclosure of the related financial institution account information (as provided below) shall be made without notice to the account owners or the financial institutions until after those accounts are restrained. No funds restrained by this Order shall be transferred or surrendered by any Third Party Provider for any purpose (other than pursuant to a chargeback made pursuant to their security interest in the funds) without the express authorization of this Court.

    b.    Provide Plaintiff expedited discovery of the following: (i) the identity of all financial accounts and/or sub-accounts associated with the Internet based e-commerce stores operating under the Seller IDs identified on Schedule "A" hereto, as well as any other accounts of the same customer(s); (ii) the identity and location of the Defendants identified in Schedule "A," including all known contact information including any and all known aliases and associated e-mail addresses; (iii) an accounting of the total funds restrained and identities of the financial account(s) and sub-account(s) for which the restrained funds are related.

(5)    Any Defendant or Third-Party Provider subject to this Order may petition the Court to modify the asset restraint set out in this Order.

(6)  The combination of providing notice via electronic publication and e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

(7)  This Order shall apply to the Seller IDs, associated ecommerce stores and websites, and any other seller identification names, e-commerce stores, domain names, websites, or financial accounts which are being used by Defendants for the purpose of counterfeiting and infringing the Masha and The Bear Marks and Copyrighted Works at issue in this action and/or unfairly competing with Plaintiff.

**SIGNED this 13th day of June, 2025.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

## Schedule A

| Def. No. | Company Name | Store URL |
|---|---|---|
| 1. | Mashabearapparel | https://mashabearapparel.com/ |
| 2. | Dvm_store | https://www.ebay.com/str/dvmpowerseedsstore |
| 3. | Urcards | https://www.ebay.com/str/yourcardss |
| 4. | Marzoepazzo | https://www.ebay.com/str/marzoepazzo |
| 5. | mc.character | https://www.ebay.com/str/mccharacterclothing |
| 6. | robbyhobby85 | https://www.ebay.com/str/ilsorpresiere |
| 7. | Docsmagicde | https://www.ebay.com/str/docsmagicde |
| 8. | chriha4225 | https://www.ebay.com/usr/chriha4225 |
| 9. | anitashop2022 | https://www.ebay.com/usr/anitashop2022 |
| 10. | CakeTopperOrchard | https://www.etsy.com/shop/CakeTopperOrchard |
| 11. | NsuDesign | https://www.etsy.com/shop/NsuDesign |
| 12. | FiestaPinataFrance | https://www.etsy.com/shop/FiestaPinataFrance |
| 13. | Ediblecakeimage | https://www.ediblecakeimage.com/ |
| 14. | Funinpaperstudio | https://www.etsy.com/shop/funinpaperstudio |
| 15. | HANDMADESUGARARTSHOP | https://www.etsy.com/shop/HANDMADESUGARARTSHOP |
| 16. | AhseninHarikalari | https://www.etsy.com/shop/AhseninHarikalari |
| 17. | PrintDesignElifTedik | https://www.etsy.com/shop/PrintDesignElifTedik |
| 18. | MDMatrices | https://www.etsy.com/shop/MDMatrices |
| 19. | SweetyLike | https://www.etsy.com/shop/SweetyLike |
| 20. | 8ttobLab | https://www.etsy.com/shop/8ttobLab |
| 21. | CocoInvite | https://www.etsy.com/shop/CocoInvite |
| 22. | YoungMinds87 | https://www.etsy.com/shop/YoungMinds87 |
| 23. | shoppingparadise24 | https://www.etsy.com/shop/shoppingparadise24 |
| 24. | 3grafik.com | https://www.3grafik.com/ |
| 25. | nuushirtz.com | https://nuushirtz.com/ |
| 26. | teebyhumans.com | https://teebyhumans.com/ |
| 27. | macoroo.com | https://macoroo.com/ |
| 28. | NorrisMarseau | https://www.redbubble.com/people/norrismarseau |
| 29. | CreativeBoxInvites | https://www.etsy.com/shop/CreativeBoxInvites |
| 30. | LSdigitalByTobias | https://www.etsy.com/shop/LSdigitalByTobias |
| 31. | BabilonArt | https://www.etsy.com/shop/BabilonArt |
| 32. | EthimoDesign | https://www.etsy.com/shop/EthimoDesign |
| 33. | ModernEvites | https://www.etsy.com/shop/ModernEvites |
| 34. | ORBIShopDesign | https://www.etsy.com/shop/ORBIShopDesign |
| 35. | DigitalesDiseno | https://www.etsy.com/shop/DigitalesDiseno |
| 36. | SuperDayPD | https://www.etsy.com/shop/SuperDayPD |
| 37. | AdyFantasy | https://www.etsy.com/shop/AdyFantasy |
| 38. | PrintDigital2U | https://www.etsy.com/shop/PrintDigital2U |
| 39. | timmins174.1 | https://www.ebay.com/usr/timmins174.1 |
| 40. | CreativeStoryGB | https://www.etsy.com/shop/CreativeStoryGB |

| Def. No. | Company Name | Store URL |
|---|---|---|
| 41. | Cherishedsells | https://www.etsy.com/shop/Cherishedsells |
| 42. | ShineAsAStarStore | https://www.etsy.com/shop/ShineAsAStarStore |
| 43. | PartymixStore | https://www.etsy.com/shop/PartymixStore |
| 44. | JustPrintIt90 | https://www.etsy.com/shop/JustPrintIt90 |
| 45. | HappyLabsterLab | https://www.etsy.com/shop/HappyLabsterLab |
| 46. | timmins174.2 | https://www.ebay.com/usr/timmins174.2 |
| 47. | diziliu0 | https://www.ebay.com/usr/diziliu0 |
| 48. | KyutieCreations | https://www.etsy.com/shop/KyutieCreations |
| 49. | Handcraftbylauyra | https://www.etsy.com/shop/handcraftbylauyra |
| 50. | DushkaEmbroidery | https://www.etsy.com/shop/DushkaEmbroidery |
| 51. | MakingCookiesCutter | https://www.etsy.com/shop/MakingCookiesCutter |
| 52. | MaryshoppingDesign | https://www.etsy.com/shop/MaryshoppingDesign |
| 53. | Wilmerdc | https://www.etsy.com/shop/wilmerdc |
| 54. | PrincessDressFashion | https://www.etsy.com/shop/PrincessDressFashion |
| 55. | PartyPartyStuff | https://www.etsy.com/shop/PartyPartyStuff |
| 56. | Createartcollectives | https://www.etsy.com/shop/createartcollectives |
| 57. | CururuDesigns | https://www.etsy.com/shop/CururuDesigns |
| 58. | MJImaginationStation | https://www.etsy.com/shop/MJImaginationStation |
| 59. | DLDesignEC | https://www.etsy.com/shop/DLDesignEC |
| 60. | ArtBooksStoreCrafts | https://www.etsy.com/shop/ArtBooksStoreCrafts |
| 61. | MadeByBrogan | https://www.etsy.com/shop/MadeByBrogan |
| 62. | Favorify | https://www.etsy.com/shop/Favorify |
| 63. | Celebqueencrafts | https://www.etsy.com/shop/celebqueencrafts |
| 64. | LADigitalDesignPH | https://www.etsy.com/shop/LADigitalDesignPH |
| 65. | RileysWonderfulWorld | https://www.etsy.com/shop/RileysWonderfulWorld |
| 66. | DigiDelightsEmporium | https://www.etsy.com/shop/DigiDelightsEmporium |
| 67. | WatermelonEmbroidery | https://www.etsy.com/shop/WatermelonEmbroidery |
| 68. | XHilaryMirabal | https://www.etsy.com/shop/XHilaryMirabal |
| 69. | BeeHappyStudio77 | https://www.etsy.com/shop/BeeHappyStudio77 |
| 70. | Unreleasedfindsshop | https://www.ebay.com/usr/unreleasedfindsshop |
| 71. | Eventyrpaper | https://www.etsy.com/shop/Eventyrpaper |
| 72. | mariana.dobreva | https://www.ebay.com/usr/mariana.dobreva |
| 73. | emzel* | https://www.ebay.com/usr/emzel* |
| 74. | OutletdelRegalo | https://www.etsy.com/shop/OutletdelRegalo |
| 75. | XuxuAtelier | https://www.etsy.com/shop/XuxuAtelier |
| 76. | menteczsvg.com | https://menteczsvg.com/ |
| 77. | Migustore's booth | https://www.bonanza.com/booths/Migustore |
| 78. | ju.sta.3 | https://www.ebay.com/usr/ju.sta.3 |
| 79. | timmins174 | https://www.ebay.com/usr/timmins174 |
| 80. | Millenary | https://www.redbubble.com/people/millenary |
| 81. | Nardress | https://www.etsy.com/shop/Nardress |

| Def. No. | Company Name | Store URL |
|---|---|---|
| 82. | CHRISTIAN POSADA | https://www.teepublic.com/user/christian-posada |
| 83. | KATAKURI1 | https://www.teepublic.com/user/katakuri1 |
| 84. | said1shop ⭐⭐⭐⭐ | https://www.teepublic.com/user/said1shop |
| 85. | Zajcee | https://www.teepublic.com/user/zajcee |
| 86. | Oscarsitosroom | https://oscarsitosroom.com/ |
| 87. | OriginalDesignsE | https://www.etsy.com/shop/OriginalDesignsE |
| 88. | Kinder Surprise Figures Toys Models | https://www.ebay.com/str/kindersurprisefigurestoysmodels |
| 89. | LT-DS | https://www.redbubble.com/people/lt-ds |
| 90. | Jaerciosantana | https://www.redbubble.com/people/jaerciosantana |
| 91. | Sharreljones | https://www.redbubble.com/people/sharreljones |
| 92. | Evgeniya-683 | https://www.redbubble.com/people/evgeniya-683 |
| 93. | Rochmate | https://www.redbubble.com/people/rochmate |
| 94. | simba-zaid | https://www.ebay.com/usr/simba-zaid |
| 95. | Healthworldsales | https://www.ebay.com/usr/healthworldsales |
| 96. | ttog9121 | https://www.ebay.com/usr/ttog9121 |
| 97. | sm_art_glass | https://www.ebay.com/usr/sm_art_glass |
| 98. | afonya-10 | https://www.ebay.com/usr/afonya-10 |
| 99. | jehan-1413 | https://www.ebay.com/usr/jehan-1413 |
| 100. | dinburkit0 | https://www.ebay.com/usr/dinburkit0 |
| 101. | chricejoco_0 | https://www.ebay.com/usr/chricejoco_0 |
| 102. | Ladanlikvikto | https://www.ebay.com/usr/ladanlikvikto |
| 103. | intar-uk2014 | https://www.ebay.com/usr/intar-uk2014 |
| 104. | mikdan75 | https://www.ebay.com/usr/mikdan75 |
| 105. | art_1936 | https://www.ebay.com/usr/art_1936 |
| 106. | Craftsparty | https://www.ebay.com/usr/craftsparty |
| 107. | shopping-world-store | https://www.ebay.com/usr/shopping-world-store |
| 108. | ranathungagamaralalag-0 | https://www.ebay.com/usr/ranathungagamaralalag-0 |
| 109. | hyvb1268 | https://www.ebay.com/usr/hyvb1268 |
| 110. | art_gift_party | https://www.ebay.com/usr/art_gift_party |
| 111. | damor6284 | https://www.ebay.com/usr/damor6284 |
| 112. | barham-77 | https://www.ebay.com/usr/barham-77 |
| 113. | zhejian36 | https://www.ebay.com/usr/zhejian36 |
| 114. | feipeng-98 | https://www.ebay.com/usr/feipeng-98 |
| 115. | sadiiqba_2 | https://www.ebay.com/usr/sadiiqba_2 |
| 116. | shi-718764 | https://www.ebay.com/usr/shi-718764 |
| 117. | Cartolibreriaoscar | https://www.ebay.com/usr/cartolibreriaoscar |
| 118. | audiocar_modelmarris | https://www.ebay.com/usr/audiocar_modelmarris |
| 119. | trakerec_0 | https://www.ebay.com/usr/trakerec_0 |
| 120. | Clavrita | https://www.etsy.com/shop/Clavrita |
| 121. | DominikAtelier | https://www.etsy.com/shop/DominikAtelier |
| 122. | BetsArtDesign | https://www.etsy.com/shop/BetsArtDesign |

| Def. No. | Company Name | Store URL |
|---|---|---|
| 123. | DigitalPixelCloud | https://www.etsy.com/shop/DigitalPixelCloud |
| 124. | Katepartytemplate | https://www.etsy.com/shop/katepartytemplate |
| 125. | CreativedesigStore | https://www.etsy.com/shop/CreativedesigStore |
| 126. | RozaoyuncakStore | https://www.etsy.com/shop/RozaoyuncakStore |
| 127. | GalinAsia | https://www.etsy.com/shop/GalinAsia |
| 128. | VOMembroiderydesign | https://www.etsy.com/shop/VOMembroiderydesign |
| 129. | DecoAtheme | https://www.etsy.com/shop/DecoAtheme |
| 130. | JustCreationsMX | https://www.etsy.com/shop/JustCreationsMX |
| 131. | MHEcomHome | https://www.etsy.com/shop/MHEcomHome |
| 132. | ManufakturaKocinski | https://www.etsy.com/shop/ManufakturaKocinski |
| 133. | worldcut53 | https://www.etsy.com/shop/worldcut53 |
| 134. | PiniaPinia | https://www.etsy.com/shop/PiniaPinia |
| 135. | Cleopatravintage | https://www.etsy.com/shop/Cleopatravintage |
| 136. | CreativeStore2025 | https://www.etsy.com/shop/CreativeStore2025 |
| 137. | PolinArts | https://www.etsy.com/shop/PolinArts |
| 138. | Inspiratedigital | https://www.etsy.com/shop/Inspiratedigital |
| 139. | StickerlandCreation | https://www.etsy.com/shop/StickerlandCreation |
| 140. | BsAsPinatas | https://www.etsy.com/shop/BsAsPinatas |
| 141. | PartyTips | https://www.etsy.com/shop/PartyTips |
| 142. | nisskidscollection | https://www.etsy.com/shop/nisskidscollection |
| 143. | MarineCreart26 | https://www.etsy.com/shop/MarineCreart26 |
| 144. | NAAdDesign | https://www.etsy.com/shop/NAAdDesign |
| 145. | IKRAKIDS | https://www.etsy.com/shop/IKRAKIDS |
| 146. | Totsbabywear | https://www.etsy.com/shop/totsbabywear |
| 147. | BrancaDesignStudio | https://www.etsy.com/shop/BrancaDesignStudio |
| 148. | Lushprintlab | https://www.etsy.com/shop/Lushprintlab |
| 149. | UPickableEvite | https://www.etsy.com/shop/UPickableEvite |
| 150. | PitisCreations | https://www.etsy.com/shop/PitisCreations |
| 151. | OleArtDesigns | https://www.etsy.com/shop/OleArtDesigns |
| 152. | PerfectMilestonesCo | https://www.etsy.com/shop/PerfectMilestonesCo |
| 153. | LenasCozyStitchesNL | https://www.etsy.com/shop/LenasCozyStitchesNL |
| 154. | RuDesignPrintable | https://www.etsy.com/shop/RuDesignPrintable |
| 155. | Argub | https://www.etsy.com/shop/argub |
| 156. | Ipolitaja | https://www.etsy.com/shop/ipolitaja |
| 157. | ArtfulCraftsmeadARJ | https://www.etsy.com/shop/ArtfulCraftsmeadARJ |
| 158. | HoneybumCrafts | https://www.etsy.com/shop/HoneybumCrafts |
| 159. | Desingofamerica | https://www.etsy.com/shop/Desingofamerica |
| 160. | AccesoriosFloresHN | https://www.etsy.com/shop/AccesoriosFloresHN |
| 161. | RicaneDesign | https://www.redbubble.com/people/ricanedesign |
| 162. | Whoopeeparty | https://www.whoopeeparty.com/ |
| 163. | Partytown | https://www.partytown.co.il/en/ |