# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| ANIMACCORD LTD., | § | |
| | § | |
| *Plaintiff*, | § | |
| v. | § | |
| | § | |
| | § | Civil Action No. 4:25-cv-489 |
| INDIVIDUALS, PARTNERSHIPS, | § | Judge Mazzant |
| AND UNINCORPORATED | § | |
| ASSOCIATIONS IDENTIFIES ON | § | |
| SCHEDULE "A", | § | |
| | § | |
| *Defendants*. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court is Plaintiff Animaccord Ltd.'s Motion for Entry of Final Default Judgment (the "Motion") (Dkt. #37) and Motion for Order Discharging Bond (Dkt. #40). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **GRANTED** and the Motion for Order Discharging Bond be **DENIED as moot**.

## BACKGROUND

At its core, this is a trademark and copyright case. Plaintiff is a limited company based in Limassol, Cyprus, specializing in "worldwide distribution of content, consumer products rights, and brand management" (Dkt. #1 at ¶ 10). Naturally, Plaintiff is the owner of multiple trademarks, which are valid and registered on the Principal Register of the United States Patent and Trademark Office (collectively, the "Masha and The Bear Marks"). Plaintiff also owns many registered and unregistered copyrighted works (collectively, the "Copyrighted Works") (Dkt. 1 at ¶ 32; Dkt. #22 at pp. 4–6). Defendants are comprised of various individuals or business entities of unknown makeup who reside or operate in foreign jurisdictions and who target their business activities towards consumers throughout the United States, including within the Eastern District of Texas,

through e-commerce stores and Internet marketplace websites (Dkt. #1 at ¶¶ 17–18). The Court has previously found that "[a]lthough each of the Defendants may not copy and infringe each of the Masha and The Bear Marks for each category of goods protected and/or Copyrighted Works, the Plaintiff has submitted sufficient evidence showing each of the Defendants has infringed at least one or more of the Masha and The Bear Marks and/or Copyrighted Works" (Dkt. #22 at p. 6).

In all, Plaintiff's complaint asserts five claims against Defendants. First, Plaintiff alleges that Defendants willfully infringed and continue to infringe on the Masha and the Bear Marks, in violation of 15 U.S.C. § 1114 (Dkt. #1 at ¶¶ 52–58). Second, Plaintiff alleges that Defendants' promotion, offering for sale, and sale of counterfeit goods related to the Masha and The Bear Marks created a likelihood of confusion and mistake among the general public about the counterfeit product, in violation of 15 U.S.C. § 1125(a) (Dkt. #1 at ¶¶ 59–66). Third, Plaintiff alleges that Defendants participated in common law unfair competition (Dkt. #1 at ¶¶ 67–71). Fourth, Plaintiff alleges that Defendants participated in common law trademark infringement (Dkt. #1 at ¶¶ 72–76). Fifth, Plaintiff alleges that Defendants have committed copyright infringement through their copying, distribution, advertisement, and sale of the Copyrighted Works, in violation of 17 U.S.C. § 106 (Dkt. #1 at ¶¶ 77–88).

On May 8, 2025, Plaintiff moved for a temporary restraining order (Dkt. #5), which was granted on June 13, 2025 (Dkt. #22). Plaintiff similarly moved for leave to serve Defendants with process via alternative means, which the Court granted (Dkt. #7; Dkt. #13). Plaintiff then served Defendants by e-mailing Defendants' email addresses as provided on multiple online platforms (Dkt #23). After months of inactivity and various voluntary dismissals, Plaintiff moved for and eventually received a clerk's entry of default as to Defendants who had not filed an answer or other

responsive pleading (the "Defaulting Defendants") on September 10, 2025 (Dkt. #36). On September 12, 2025, Plaintiff moved for entry of final default judgment (Dkt. #37). The motion is now ripe for adjudication.

## LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure sets forth certain conditions under which default may be entered against a party, as well as the procedure to seek the entry of default judgment. FED. R. CIV. P. 55. The Fifth Circuit requires a three-step process for securing a default judgment. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by Rule 12 of the Federal Rules of Civil Procedure. FED. R. CIV. P. 55(a); *New York Life Ins.*, 84 F.3d at 141. Second, the clerk may enter default when the default is established by affidavit or otherwise. FED. R. CIV. P. 55(a); *New York Life Ins.*, 84 F.3d at 141. Third, a plaintiff may then apply to the clerk or the court for a default judgment after an entry of default. FED. R. CIV. P. 55; *New York Life Ins.*, 84 F.3d at 141.

Furthermore, Rule 55(b)(2) grants a district court great latitude, and the entry of default judgment is left to the sound discretion of the trial court. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). A defendant, by his default, admits a plaintiff's well pleaded allegations of fact. *Nishimatsu Constr. Co., Ltd. v. Hou. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). However, as will be explained in greater detail, a defendant's default does not concede the truth of allegations of the complaint concerning damages. *Ins. Co. of the W. v. H & G Contractors, Inc.*, No. CIV.A. C-10-390, 2011 WL 4738197, at *4 (S.D. Tex. Oct. 5, 2011) (citing *Jackson v. FIE Corp.*, 302 F.3d 515, 524–25 (5th Cir. 2002))

**ANALYSIS**

Defaulting Defendants have failed to timely answer or otherwise appear after service was properly executed on them (Dkt. #7). It is in this context that Plaintiff obtained an entry of default in its favor on September 10, 2025 (Dkt. #36). Plaintiff has therefore satisfied the first two requirements for a default judgment—the only remaining issue is whether a default judgment should be entered. *New York Life Ins. Co.*, 84 F.3d at 141. To answer this question, courts in the Fifth Circuit make use of a three-part analysis: (1) whether entry of default judgment is procedurally warranted, (2) whether there is a sufficient basis in the pleadings for the judgment based on the substantive merits of the claims, and (3) what form of relief, if any, a plaintiff should receive. *See, e.g.*, *Alvarado Martinez v. Eltman Law, P.C.*, 444 F. Supp. 3d 748, 752 (N.D. Tex. 2020); *Griffin v. O'Brien, Wexler, & Associates, LLC*, 680 F. Supp. 3d 772, 780 (E.D. Tex. 2023).

## I.    Whether an Entry of Default Judgment is Procedurally Warranted

The Court must first determine whether a default judgment is procedurally warranted. The Fifth Circuit recognizes six factors relevant to this particular inquiry:

> [1] whether material issues of fact exist; [2] whether there has been substantial prejudice; [3] whether the grounds for default are clearly established; [4] whether the default was caused by a good faith mistake or excusable neglect; [5] the harshness of a default judgment; and [6] whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)

Plaintiff argues that these factors support its position by demonstrating that default judgment is procedurally warranted (Dkt. #37-3 at p. 5). After reviewing the Motion, and for the reasons indicated below, the Court agrees.

First, when a defendant defaults, he "admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Nishimatsu*, 515 F.2d at 1206. Here, because Defaulting Defendants failed to respond to Plaintiff's allegations, there are no disputed issues of material fact (Dkt. #36 at p. 1; Dkt. #36-1). *See Lindsey*, 161 F.3d at 893.

Second, Plaintiff has been substantially prejudiced because Defaulting Defendants have been nonresponsive since they were first served thirteen months ago, on May 9, 2025 (Dkt. #11). This failure to respond "threatens to bring the adversary process to a halt, effectively prejudicing plaintiff's interest." *H & G Contractors*, 2011 WL 4738197, at *3 (citing *Lindsey*, 161 F.3d at 893).

Third, the grounds for default judgment are clearly established. A default occurs when a defendant fails to plead or otherwise respond to a complaint within the time required by Rule 12 of the Federal Rules of Civil Procedure. FED. R. CIV. P. 55(a). As indicated above, Plaintiff requested alternate service of process on May 8, 2025, which was granted on May 21, 2025 (Dkt. #7; Dkt. #13). As of the date of this Memorandum Opinion and Order, Defaulting Defendants have not answered or filed any responsive pleadings. As such, the grounds for default are "clearly established" because the Defaulting Defendants' failure to respond is "plainly willful, as reflected by [their] failure to respond either to the summons and complaint, the entry of default, or the motion for default." *Holladay v. OTA Training, LLC*, No. 3:14-CV-0519-B, 2015 WL 5916440, at *2 (N.D. Tex. Oct. 8, 2015) (internal quotation marks omitted) (quoting *J.D. Holdings, LLC v. BD Ventures, LLC*, 766 F.Supp.2d 109, 113 (D.D.C. 2011)); *see also Graham v. Coconut LLC*, No. 4:16-cv-606, 2017 WL 2600318, at *2 (E.D. Tex. June 15, 2017).

Fourth, nothing in the record provides evidence that the Defaulting Defendants' lack of response is due to good faith mistake or excusable neglect. *See Lindsey*, 161 F.3d at 893.

Fifth, default judgment would not be harsh or result in substantial prejudice to Defaulting Defendants. As relevant here, a defendant's "failure to file any responsive pleading or motion mitigates the harshness of a default judgment." *Wearable Shoe Tree, LLC v. Does 1-601*, No. 4:24-CV-334-SDJ, 2025 WL 872524, at *3 (E.D. Tex. Mar. 20, 2025) (internal quotation marks omitted) (quoting *Am. Heritage Life Ins. Co. v. Mitchell*, No. 6:15-CV-95, 2016 WL 3883029, at *3 (E.D. Tex. May 24, 2016), *report and recommendation adopted*, 2016 WL 3855257 (E.D. Tex. July 15, 2016)). Furthermore, any "harshness of the default judgment is warranted because [Plaintiff] seeks damages to which they are entitled." *Id.*

Sixth, there are no facts in the record which might lead the Court to believe good cause is present to set aside the default. As a result, the Court determines that the default judgment is procedurally warranted in this instance. *See Lindsey*, 161 F.3d at 893.

## II.    Whether there is a Basis for Default Judgment in the Pleadings

Having established that default judgment is procedurally warranted, the Court must determine if a sufficient basis for the default judgment is present in the pleadings. At this stage, while the Defaulting Defendants are deemed to have admitted the allegations of the complaint, the Court must nevertheless review the pleadings to determine whether the complaint itself presents a sufficient basis for relief. *Nishimatsu*, 515 F.2d at 1206. The Fifth Circuit "draw[s] meaning from the case law on Rule 8, which sets forth the standards governing the sufficiency of a complaint." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015). Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Wooten*, 788 F.3d at 498 (quoting FED. R. CIV. P. 8(a)(2)).

Furthermore, "[t]he factual allegations in the complaint need only 'be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To expedite its review, the Court divides Plaintiff's claims into two sections: Counts I–IV and Count V. The first, Counts I–IV, deal with trademark infringement and are sufficient on account of Plaintiff's adequate allegations that the Defaulting Defendants violated the Lanham Act, 15 U.S.C. § 1114 and § 1125 (Dkt. #1 at ¶ 4). Under the Lanham Act, a plaintiff succeeds on its infringement cause of action when it "first establish[es] ownership in a legally protectable mark, and second, show[s] infringement by demonstrating a likelihood of confusion." *Amazing Spaces, Inc. v. Metro Mini Storage*, 608 F.3d 225, 235–36 (5th Cir. 2010) (citation modified). First, it is uncontroverted that Plaintiff is the registered owner of Masha and The Bear Marks (Dkt. #5-7 at pp. 2–81). Second, Plaintiff has provided evidence of Default Defendants' promotion and offering for sale certain goods using one or more of the Masha and The Bear Marks (Dkt. #5-7 at pp. 2–81). Thus, Plaintiff has provided sufficient allegations for trademark infringement. *Am. Pac. Indus., Inc. v. Yerrou*, No. 3:20-CV-273-KHJ-FKB, 2021 WL 1738983, at *2 (S.D. Miss. May 3, 2021) ("The Fifth Circuit has indicated that, where the alleged infringers use the plaintiff's exact mark, a likelihood of confusion is 'clear,' and the district court need not analyze the issue more." (quoting *Paulsson Geophysical Servs., Inc. v. Sigmar*, 529 F.3d 303, 310–11 (5th Cir. 2008))).

Count V deals with copyright infringement and is similarly sufficient on account of Plaintiff's adequate allegation that the Defaulting Defendants duplicated one or more of its Copyrighted Works in selling and promoting counterfeit goods (*See* Dkt. #22 at p. 6). Specifically, "[t]o prevail on a copyright infringement claim, a plaintiff must show (1) ownership of a valid

7

copyright and (2) unauthorized copying." *Peel & Co. v. The Rug Mkt.*, 238 F.3d 391, 394 (5th Cir. 2001). First, Plaintiff has proven ownership of a valid copyright by presenting and attaching certificates of registration for its Copyrighted Works where warranted. *See Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 141 (5th Cir. 2004) ("A certificate of registration, if timely obtained, is prima facie evidence both that a copyright is valid and that the registrant owns the copyright.").

Second, Plaintiff has provided sufficient evidence of unauthorized copying by supporting the existence of both "factual" and "actionable" copying. *Batiste v. Lewis*, 976 F.3d 493, 502 (5th Cir. 2020). Plaintiff has provided evidence that the Copyrighted Works at issue are identical to its own, which satisfies the requirement for factual copying. *McCune v. Zhongyiqun*, No. 4:22-CV-00604-O, 2023 WL 2912483, at *3 (N.D. Tex. Apr. 12, 2023) ("If the plaintiff cannot show that the defendant had access [to a plaintiff's copyright], the plaintiff can prove factual copying by showing that the works are strikingly similar." (citation modified)). And, because Plaintiff can prove factual copying, it "can prove actionable copying by showing that the works are substantially similar." *Id.* (Dkt. #22 at p. 10). Additionally, "Plaintiff has supported these allegations with a sworn declaration from Inna Golovlova, Plaintiff's Director who is familiar with the Masha and the Bear Marks and the Copyrighted Works, and who reviewed the Defaulting Defendants' listings" *Animaccord Ltd. v. Individuals, P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 6:23-CV-277, 2024 WL 5317296, at *4 (W.D. Tex. Aug. 22, 2024). (Dkt. #22 at p. 5). These allegations are sufficient to raise Plaintiff's right to relief above a speculative level.

## III.    Form of Relief

The Court must now determine whether Plaintiff's requested remedies are appropriate upon the entry of default judgment. "A defendant's default concedes the truth of the allegations of the complaint concerning the defendant's liability, but not damages." *H & G Contractors*, 2011 WL

4738197, at *4 (citing *Jackson*, 302 F.3d at 524–25). However, a hearing establishing the facts necessary to award damages is not required if the "amount of damages can be determined with mathematical calculation by reference to the pleadings and supporting documents." *United States v. Rod Riordan Inc.*, No. MO:17-CV-071-DC, 2018 WL 2392559, at *3 (W.D. Tex. May 25, 2018) (citing *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993)). Plaintiff requests statutory damages of $50,000 per Defaulting Defendant under 15 U.S.C. § 1117(c)(1) and (2) (Dkt. #37 at pp. 15-16). Plaintiff also requests statutory damages of $25,000 per Defaulting Defendant under 17 U.S.C. § 504(c) (Dkt. # 37-2 at p. 4). Because Plaintiff's statutory damages are mathematically calculable and supported by sworn testimony, the Court finds an evidentiary hearing unnecessary at this juncture (Dkt. #5-1). *James*, 6 F.3d at 310.

### A.   15 U.S.C. § 1117(c)

When a counterfeit mark is used in connection with the sale, offering for sale, or distribution of goods or services, a plaintiff may receive statutory damages of either:

> (1) Not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just; or

> (2) If the court finds that the use of the counterfeit mark was willful, not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just.

15 U.S.C. § 1117(c).

Plaintiff argues that $50,000 per Defaulting Defendant is warranted because such an amount is comparable to awards from other courts in similar circumstances. *See, e.g.*, *Viaheart, LLC v. Does 1-54*, No. 6:18-cv-604-RWS, 2021 WL 777083, at *8 (E.D. Tex. Jan. 29, 2021) ($250,000 per defendant); *BVE Brands, LLC v. Does 1-82*, No. 1:20-CV-505-RP, 2021 WL 12095063, at *6 (W.D. Tex. June 23, 2023) ($100,000 per defendant); *Mighty Mug, Inc. v. Individuals, P'ships and*

*Unincorporated Ass'ns Identified on Schedule A*, No. 1:22-cv-00100-RP, 2023 WL 4850953, at *6 (W.D. Tex. June 23, 2023) ($50,000 per defendant); *Animaccord*, 2024 WL 5317296, at *4.

While the Lanham Act does not provide the Court with direct guidance concerning the determination of a reasonable amount of damages within the statutory range, the Fifth Circuit has held that the statute "expressly confers upon the district judge[] wide discretion in determining a just amount or recovery for trademark infringement." *Martin's Herend Imports, Inc. v. Diamond & Gem Trading USA, Co.*, 112 F.3d 1296, 1304 (5th Cir. 1997) (internal quotation marks omitted) (quoting *Holiday Inns, Inc. v. Alberding*, 683 F.2d 931, 935 (5th Cir. 1982)). In an attempt to determine an appropriate damages amount, courts have considered a number of different factors, including: "the willfulness of the defendant's conduct, the deterrent effect of an award on both the defendant and others, the value of the copyright, whether the defendant has cooperated in providing necessary records to assess the value of the infringing material, and the losses sustained by the plaintiff." *DISH Network L.L.C. v. Khalid*, No. CV H-19-4563, 2021 WL 765709, at *6 (S.D. Tex. Feb. 23, 2021); s*ee Future World Elecs., LLC v. Over Drive Mktg., LLC*, No. 3:12-CV-2124-B, 2013 WL 5925089, at *4 (N.D. Tex. Nov. 5, 2013). Moreover, "a defendant's default allows a court to infer willfulness." *Mighty Mug*, 2023 WL 4850953, at *5.

Here, Defaulting Defendants' failure to appear allows the Court to infer their willing infringement and further explains Plaintiff's failure to provide evidence regarding Defaulting Defendants' expenses saved and profits reaped. Given the extent of Plaintiff's investigation and the evidence presented, the Court finds in Plaintiff's favor and holds that $50,000 per Defaulting Defendant is adequate compensation for each Defaulting Defendants' willful trademark infringement and false designation of origin under 15 U.S.C. § 1117(c).

10

### B.    17 U.S.C. § 504(c)(1)

Regarding copyright infringement, the Copyright Act permits a party to receive a minimum award of $750 and a maximum award of $30,000 with respect to any one work. 17 U.S.C. § 504(c)(1). District courts enjoy broad discretion in determining statutory damages, which are guided by the willfulness of the defendant's conduct and the deterrent value of the sanction imposed. *See Fermata Int'l Melodies v. Champions Golf Club, Inc.*, 712 F. Supp. 1257, 1263–64 (S.D. Tex. 1989), *aff'd*, 915 F.2d 1567 (5th Cir. 1990). In this case, the allegations of the complaint indicate that Defendants willfully infringed the Copyrighted Works—Defaulting Defendants' ongoing and unauthorized promotion and sale of goods bearing Plaintiff's Copyrighted Works through their e-commerce stores and websites have deprived Plaintiff of its rights under the Copyright Act. *Tiffany (NJ), LLC v. Dongping*, No. 10-cv-61214, 2010 WL 4450451, at *5 (S.D. Fla. Oct. 29, 2010) (finding unopposed declarations supporting copyright ownership and "exact duplicates" of asserted designs were "sufficient to establish liability for copyright infringement"). As a result, the Court finds Plaintiff's requested statutory damages of $25,000 per Defaulting Defendant for their willful copyright infringement appropriate under the circumstances.

### C.    Permanent Injunction

Plaintiff also seeks entry of a permanent injunction to prevent the Defaulting Defendants' continued or further infringement of the Masha and the Bear Marks and Copyrighted Works. A permanent injunction is appropriate where a plaintiff proves four elements:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

Plaintiff has shown that injunctive relief is appropriate in this case. First, Plaintiff has established that Defaulting Defendants' sale of counterfeit product has resulted in its irreparable injury (Dkt. #1 at p. 16; Dkt. #22 at pp. 10–11). Furthermore, "irreparable injury is presumed once copyright infringement is established." *Gunshowtees.com, LLC v. Rallis*, No. 1:18-CV-796-RP, 2019 WL 9654864, at *5 (W.D. Tex. June 28, 2019). Second, Plaintiff has shown that money damages will not suffice to adequately compensate it because money will not prevent future infringing activity by the Defaulting Defendants. *See Abraham v. Alpha Chi Omega*, 708 F.3d 614, 627 (5th Cir. 2013). And, without an appearance by the Defaulting Defendants, the Court cannot be certain that any infringing activity will terminate at the close of this case. *See Jackson v. Sturkie*, 255 F. Supp. 2d 1096, 1103 (N.D. Cal. 2003). Third, "enjoining the Defaulting Defendants from infringing Plaintiff's Masha and the Bear Marks and Copyrighted Works does not impose any hardship on the Defaulting Defendants so long as Defaulting Defendants respect Plaintiff's intellectual property rights." *Animaccord*, 2024 WL 5317296, at *5. Finally, the public will not be disserved by a permanent injunction because "[t]he public interest is always served by requiring compliance with Congressional statutes." *Scrum All., Inc. v. Scrum, Inc.*, No. 4:20-CV-00227, 2020 WL 4016110, at *17 (E.D. Tex. July 16, 2020). Because Plaintiff has succeeded as to all four factors, the Court sees fit to grant Plaintiff's request for a permanent injunction.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff Animaccord Ltd.'s Motion for Entry of Final Default Judgment (Dkt. #37) is hereby **GRANTED** against those Defaulting Defendants listed in the attached Default Schedule "A."[1]

---

[1] *See* (Dkt. #36-1).

It is further **ORDERED** that Plaintiff Animaccord Ltd.'s Motion for Order Discharging

Bond (Dkt. #40) is hereby **DENIED as moot**.

The Court will issue a separate order as required by FED. R. CIV. P. 58(a).

**IT IS SO ORDERED.**

 **SIGNED this 7th day of July, 2026.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE